IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES BROXSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-CV-00226-BL |
| | ) | |
| CITY OF GENEVA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On May 25, 2025, the Plaintiff filed a seven-count Amended Complaint against Defendants City of Geneva, Mayor David Hayes, city council members Daniel L. Coleman, Mike Fountain, Rich Bixby, Ryan Tidwell, Kim Gillespie, and Freddy McCoy, alleging claims arising from the denial of a liquor-license application and the City's adoption and enforcement of Ordinance Number 09-2023-09. (Doc. 10). The Ordinance prohibits alcohol sales based on zoning and proximity to protected facilities. (Doc. 10 at 8-9). The Plaintiff's seven counts include (1) race discrimination under 42 U.S.C. § 1981 via § 1983; (2) Equal Protection disparate treatment and discriminatory purpose via § 1983; (3) Equal Protection disparate impact via § 1983; (4) Equal Protection arbitrary-and-capricious selective enforcement via § 1983; (5) intentional interference with business relationships; (6)

§ 1981 retaliation via § 1983; and (7) declaratory and injunctive relief. (Doc. 10 at 13-26).

The Defendants have filed a motion to dismiss, including a supporting memorandum and exhibits. (Docs. 16, 16-1). The Defendants argue that the Plaintiff lacks standing, (doc. 16-1 at 4-8), the official-capacity claims are redundant, (doc. 16-1 at 3-4), the City is immune from punitive damages, (doc. 16-1 at 9-10), and the Amended Complaint fails to state a claim, (doc. 16-1 at 1-2). The Plaintiff opposes the motion, (doc. 19), and the Defendants replied, (doc. 20). The motion is ripe for review.

## I. Factual Allegations

The allegations in the Amended Complaint, taken in the light most favorable to the Plaintiff, establish the following facts.

The Plaintiff is an African American man who managed a restaurant and bar at 603 South Commerce Street in Geneva, Alabama, from 2016 through 2022. (Doc. 10 at 4). The property and business were initially owned by Charles Fleming, a Caucasian man who had served on the Geneva City Council. (Doc. 10 at 4-5). Fleming's business, 603 Downtown Sports Pub, sold alcohol at the property before the Plaintiff began operating there. (Doc. 10 at 5).

In 2016, the Plaintiff entered a lease-to-purchase agreement with Fleming for the property. (Doc. 10 at 5). The Plaintiff thereafter operated QB's Sports Bar and

Grill at the property and alleges that he invested approximately $50,000 to renovate the bar and kitchen. (Doc. 10 at 5). He further alleges that the business earned more than $30,000 in annual profit while he managed it. (Doc. 10 at 5).

In 2023, Tina Miller, a Caucasian woman, subleased the premises from the Plaintiff and operated a business there under the QB's Sports Bar and Grill name. (Doc. 10 at 6). Miller agreed to pay the Plaintiff $1,000 per month plus insurance. (Doc. 10 at 6). Miller sought a liquor license for the business, but the Geneva City Council denied the application. (Doc. 10 at 6-9). The Plaintiff alleges that he then complained verbally and in writing to the City and the Council about what he considered discriminatory treatment during the licensing process. (Doc. 10 at 8).

The Amended Complaint alleges that the Plaintiff completed his purchase of 603 South Commerce Street in 2023 and became the property's sole owner without materially changing the business's appearance, services, or operations. (Doc. 10 at 8, 11, 20). On September 18, 2023, the Council adopted Ordinance No. 09-2023-09. (Doc. 10 at 8, 11-12). According to the Amended Complaint, the ordinance prohibited alcohol sales in residential or mobile-home zoning districts and prohibited a retail alcohol license where the establishment's entrance was less than 300 feet from certain institutions, including churches and schools. (Doc. 10 at 8-9, 12). The Plaintiff alleges that the ordinance was enacted and applied to prevent alcohol sales at his property because of his race. (Doc. 10 at 8-10, 17, 19-21). The Plaintiff alleges

that "Adams Bar In. d/b/a QB's Sports Bar and Grill was the only affected business by the ordinance change" and that he was the "only business owner affected by the ordinance change." (Doc. 10 at 12).

The Plaintiff further alleges that the ordinance directly and disproportionately impaired his ability to use the property and conduct business. According to the Amended Complaint, multiple prospective lessees withdrew their interest after learning that the ordinance restricted alcohol sales at the property, and the overwhelming majority of QB's revenue and profit had been derived from alcohol sales. (Doc. 10 at 9-10, 13). The Plaintiff also alleges that the ordinance interfered with existing subleases and potential lease arrangements and caused the loss of potential lease agreements and other business opportunities. (Doc. 10 at 23-24).

The Defendants attached to its motion to dismiss documents to show that Miller applied for a liquor license for Adams Bar, Inc. and that "[n]either Broxson nor QB's Sports Bar and Grill were ever denied a liquor license by the City or a renewal of same." (Doc. 16-1 at 11-73).

## II. Legal Standard

### *Rule 12(b)(1)*

"Article III standing is a threshold jurisdictional inquiry." *Hauser v. Steward Melbourne Hosp., Inc.*, No. 6:19-cv-1150-Orl-41EJK, 2020 WL 917259, at *1 (M.D. Fla. Feb. 11, 2020) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S.

83, 94–95 (1998)). "Because standing is jurisdictional, a motion to dismiss for lack of standing is treated as a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Hall v. Xanadu Mktg.*, Inc., 682 F. Supp. 3d 1278, 1281 (N.D. Ga. 2023); *see also Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

A Rule 12(b)(1) challenge may present either a facial or factual attack on subject-matter jurisdiction. *Hall*, 682 F. Supp. 3d at 1281. A facial attack challenges whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). A "factual attack," by contrast, "challenges the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Hall*, 682 F. Supp. 3d at 1281. When evaluating a factual attack, the court may weigh jurisdictional evidence and is not required to view the facts in the light most favorable to the plaintiff. *Id.* at 1281-82.

***Rule 12(b)(6)***

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Sanders v. Zalesky*, No. 1:25-CV-71-WKW, 2026 WL 579503, at *1

(M.D. Ala. Mar. 2, 2026) (quoting *Reprod. Health Servs. v. Strange*, 204 F. Supp. 3d 1300, 1309-10 (M.D. Ala. 2016)). In evaluating the motion, the court accepts the well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Est. of Cummings v. Davenport*, 906 F.3d 934, 937 (11th Cir. 2018).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts permit the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Legal conclusions, labels, formulaic recitations of elements, and naked assertions without factual enhancement are not entitled to an assumption of truth. *Id.*; *Twombly*, 550 U.S. at 555-57.

## III. Analysis

### ***Standing***

The Defendants' standing challenge is a factual one based on the documents attached to their motion to dismiss showing that Tina Miller for Adams Bar, Inc., and not the Plaintiff, submitted the 2023 liquor-license application that the City denied. (Doc. 16-1 at 11-73). The Defendants' documents attached to its motion to dismiss showed that Adams Bar, Inc., through Miller, submitted the liquor-license

application, that the City denied Miller's application, and that the Plaintiff did not own Adams Bar. (Doc. 16-1 at 40-43; Doc. 19 at 5 & n.1). The Plaintiff does not dispute these facts. The Plaintiff also expressly disclaims third-party standing to assert rights belonging to Miller or Adams Bar. (Doc. 19 at 5). The court agrees that the Plaintiff does not have standing to challenge the denial of the 2023 liquor license on behalf of Miller or Adams Bar, Inc. To the extent that the Plaintiff asserts claims in any Count related to the City's denial of Miller's application for a liquor license, those claims are **DISMISSED FOR LACK OF STANDING**.

The Defendants' motion to dismiss does not mention or address the Plaintiff's standing as it relates to his claims regarding the passage and enforcement of the Ordinance Number 09-2023-09, which occurred after the denial of Miller's application for a liquor license.[1] Because standing on the Plaintiff's claims related to the passage and enforcement of the Ordinance implicates subject matter jurisdiction, the court must satisfy itself that the Plaintiff has standing to bring these claims.

---

[1] Counts I and VI rely, in relevant part, on alleged interference with the Plaintiff's own contractual and prospective leasing interests. Counts II through IV challenge the alleged discriminatory enactment and application of the ordinance to the Plaintiff's property. Count V relies on alleged losses involving existing subleases, potential lease arrangements, and other business opportunities. Count VII seeks prospective relief from the ordinance's alleged continuing application to the property.

To satisfy Article III, "the plaintiff must show: (1) that he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling." *Young Apts., Inc. v. Town of Jupiter*, 529 F.3d 1027, 1038 (11th Cir. 2008) (quoting *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994) (en banc)). At the pleading stage, a plaintiff may establish standing through general factual allegations of injury. *Id.* The plaintiff must establish standing for each claim and each form of relief sought. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). A plaintiff seeking prospective injunctive relief must allege a real and immediate threat of future injury; past exposure to allegedly unlawful conduct, standing alone, is insufficient. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 105-06 (1983).

The Plaintiff alleges that the Defendants enacted and applied Ordinance No. 09-2023-09 to restrict alcohol sales at his property because he is African American. (Doc. 10 at 8-10, 17, 19-21). He alleges that multiple prospective lessees withdrew after learning of the restrictions, that existing subleases and potential lease arrangements were impaired, and that the ordinance diminished the property's commercial use and income-producing potential. (Doc. 10 at 9-10, 13, 23-24). Those alleged injuries belong to the Plaintiff as the property owner and lessor; they do not depend on his ownership of Adams Bar.

*Young Apartments, Inc v. Town of Jupiter, FL*, 529 F.3d 1027 (11th Cir. 2008), is instructive. There, a property owner alleged that it "suffered a financial injury based on lost rent and the lost sale of its property," that the injury was caused by a municipality's enactment and enforcement of an ordinance, and that damages and injunctive relief would redress the injury. *Young Apartments*, 529 F.3d at 1038-39. The Eleventh Circuit held that the owner had standing under § 1983 "to vindicate its own rights, which are distinct from the rights of its Hispanic tenants." *Id.* at 1039. Because the owner alleged direct injury from the municipality's enactment and enforcement of the ordinance, it had standing on its own behalf to challenge the allegedly discriminatory conduct. *Id.* at 1040-41. Here, the Plaintiff has plausibly alleged direct injury from the City's passage and enforcement of Ordinance No. 09-2023-09.[2]

The Plaintiff's alleged loss of leasing opportunities and impairment of the property's commercial value constitute concrete and particularized injuries. The allegations in the Amended Complaint fairly trace those injuries to the enactment

---

[2] The Defendants' specific factual points do not negate those alleged injuries. Miller's obligation to pay fixed rent under one sublease does not foreclose the Plaintiff's alleged loss of later leasing opportunities. Adams Bar's continued operation as a restaurant does not establish that the Ordinance left the property's permissible uses, marketability, or income-producing potential unchanged. And Miller's race does not resolve the Plaintiff's theory: he alleges that Defendants targeted his property and business interests because of his own race, not that Miller was denied a license because of hers.

and alleged application of Ordinance No. 09-2023-09. Damages could compensate the Plaintiff for past economic loss. *See Young Apartments*, 529 F.3d at 1038-39. The City is directly connected to the enactment and enforcement of the challenged Ordinance. The Amended Complaint also attributes to the individual Defendants participation in the enactment and enforcement of the Ordinance that allegedly injured the Plaintiff. (Doc. 10 at 10-11).[3]

The Plaintiff also alleges an ongoing injury sufficient for prospective relief. He alleges that he owns the property, that the ordinance continues to restrict alcohol sales there, and that the restriction continues to deter prospective lessees and impair his ability to use or lease the property for an alcohol-serving restaurant or bar. (Doc. 10 at 9-13, 23-26). Those allegations describe a continuing impairment of the property's marketability and income-producing potential, rather than only a completed past injury. Prospective relief against the City limiting allegedly discriminatory enforcement of the ordinance at the property could redress that asserted ongoing harm. *See Lyons*, 461 U.S. at 102, 105-06. Thus, the court is satisfied that the Plaintiff has standing to challenge the enactment and enforcement

---

[3] The Defendants do not develop a specific traceability challenge, and the court does not decide at this stage that every alleged injury is ultimately attributable to every individual Defendant.

of Ordinance No. No. 09-2023-09.[4] To the extent the Counts in the Amended Complaint assert claims against the Defendants based on the enactment and enforcement of the Ordinance, those claims remain pending.

***Official Capacity Claims***

The Amended Complaint does not specify whether the Plaintiff brings his claims against Defendants Hayes, Coleman, Fountain, Bixby, Tidwell, Gillespie, and McCoy in their official or individual capacities, or both. The Defendants move to dismiss any official-capacity claims against Defendants Hayes, Coleman, Fountain, Bixby, Tidwell, Gillespie, and McCoy as redundant because the City is also a defendant. (Doc. 16-1 at 3-4). The Plaintiff does not oppose dismissal of official-capacity claims against the individual Defendants. (Doc. 19 at 4). Therefore, the court **DISMISSES WITH PREJUDICE** any official capacity claim against Defendants Hayes, Coleman, Fountain, Bixby, Tidwell, Gillespie, and McCoy.

The Plaintiff maintains that the Amended Complaint asserts claims against these Defendants in their individual capacities. (Doc. 19 at 4-5). In their reply, the Defendants do not contest the Plaintiff's assertion that his claims are against Defendants Hayes, Coleman, Fountain, Bixby, Tidwell, Gillespie, and McCoy in

[4] The court's finding is limited to whether the Plaintiff plausibly alleges facts to support standing to bring his § 1983 claims. As the court will explain below, the court does not address whether the Plaintiff has plausibly stated a claim under §1983.

their individual capacities. When a complaint does not clearly identify capacity, "the course of proceedings typically indicates the nature of the liability sought to be imposed." *Young Apartments*, 529 F.3d at 1047 (quoting *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994)). Relevant considerations include the nature of the claims, requests for compensatory or punitive damages, and the defenses raised. *Young Apartments*, 529 F.3d at 1047. Here, the Amended Complaint seeks compensatory and punitive damages and alleges racially discriminatory conduct by the individual Defendants. (Doc. 10 at 14, 16-17, 27). The Plaintiff's response expressly confirms that he seeks to impose individual liability. (Doc. 19 at 4-5). On balance, the course of proceedings provided sufficient notice to the Defendants of individual-capacity claims. Thus, the court deems any remaining claims against these Defendants to be in their individual capacities.

***Punitive Damages***

The Defendants also seek to dismiss the Plaintiff's demand for punitive damages against the City, and the Plaintiff does not oppose that request. (Doc. 16-1 at 9-10; Doc. 19 at 6). Therefore, the court **DISMISSES WITH PREJUDICE** the punitive damages demand against the City.

***Failure to State a Claim Under Rule 12(b)(6)***

The Defendants state generally in their motion to dismiss that the Amended Complaint fails to state a claim, but their supporting memorandum does not identify

the elements of any count or explain why the allegations fail to satisfy those elements. (Doc. 16 at 1; Doc. 16-1 at 3-10). In their memorandum, the Defendants develop arguments concerning standing, official-capacity redundancy, and punitive damages against the City, but they do not give a count-by-count Rule 12(b)(6) analysis.

The Defendants' reply mentions the narrower argument that the Amended Complaint does not plausibly connect the denial of Adams Bar's application to racial animus. (Doc. 20 at 6-7). However, that argument addresses only the license denial, does not address the separate ordinance-based allegations, and does not analyze the elements of the seven counts. The onus is on the parties to formulate their arguments, and the court is not required to construct an undeveloped Rule 12(b)(6) challenge. *See Rubinstein v. Yehuda*, 38 F.4th 982, 995 (11th Cir. 2022) ("A party can waive an issue by making only a passing reference to it and failing to make arguments and cite authorities in support of [the] issue.") (internal quotations and citations omitted). Therefore, the Defendants' generalized request to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) is **DENIED**.

## IV. Conclusion

After careful review of the file and upon consideration of the Defendants' Motion to Dismiss, and the respective responses, (docs. 10, 16, 19, 20), and for the

reasons explained above, the court **GRANTS IN PART AND DENIES IN PART** the Defendant's motion and specifically **ORDERS** as follows:

1. The court **GRANTS** the Defendants' motion to the extent it **DISMISSES FOR LACK OF STANDING** all the Plaintiff's claims related to the City's denial of Tina Miller's and Adams Bar's 2023 application for a liquor license;
2. The court **DENIES** the Defendants' motion to the extent they request dismissal of the entire action for lack of standing. The court is satisfied that the Plaintiff has standing to challenge the enactment and enforcement of Ordinance No. No. 09-2023-09. To the extent the Counts in the Amended Complaint assert claims against the Defendants based on the enactment and enforcement of the Ordinance, those claims remain pending against the City of Geneva and Defendants David Hayes, Daniel L. Coleman, Mike Fountain, Rich Bixby, Ryan Tidwell, Kim Gillespie, and Freddy McCoy in their individual capacitates;
3. The court **GRANTS** the Defendants' motion to the extent it **DISMISSES WITH PREJUDICE** any official-capacity claims against Defendants David Hayes, Daniel L. Coleman, Mike Fountain, Rich Bixby, Ryan Tidwell, Kim Gillespie, and Freddy McCoy as redundant of the claims against the City of Geneva.

4. The court **GRANTS** Defendants' motion as to the Plaintiff's punitive damages demand against the City of Geneva and **DISMISSES** that demand **WITH PREJUDICE.**
5. The court **DENIES** the Defendants' motion to the extent it requests dismissal for failure to state a claim under Rule 12(b)(6).

**DONE** and **ORDERED** on this the 17 day of August, 2026.



**BILL LEWIS**
UNITED STATES DISTRICT JUDGE